WENNER, APPELLANT, *v.* MIDLAND TITLE SECURITY, INC., APPELLEE, ET AL.

[Cite as *Wenner v. Midland Title Sec., Inc.,*
106 Ohio St.3d 1207, 2005-Ohio-4555.]

1208

(No. 2004–1509—Submitted June 15, 2005—Decided September 14, 2005.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

**PFEIFER, J., dissenting.**

{¶ 2} We should have decided this case on the merits and found that the trial court erred in its denial of class certification. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory." *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 485, 727 N.E.2d 1265. Civ.R. 23 is about cases with predominant legal and factual elements in common; minor factual peculiarities of individual claims should not destroy one plaintiff's ability to represent the class.

Murray & Murray Co., L.P.A., Dennis E. Murray Jr., and Barbara Quinn Smith, for appellant.

Brown, Bemiller, Murray & McIntyre and William T. McIntyre; Bryan Cave L.L.P., Charles A. Newman, Douglas W. King, and Elizabeth A. Teutenberg, for appellee.